**HAMPTON & ROYCE, L.C.**
United Building, Ninth Floor
119 West Iron Avenue
P.O. Box 1247
Salina, Kansas 67402-1247
(785) 827-7251 - Telephone
(785) 827-2815 - Telecopier
www.hamptonlaw.com - Internet

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| John Achatz, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 12-CV-1252-EFM-KMH |
| Board of County Commissioners of Rice County, Kansas, | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff John Achatz, and for his complaint against the Defendant states and alleges the following:

### JURISDICTION AND VENUE

1. This is an employment discrimination case based upon and arising under the Americans with Disability Act (hereinafter "ADA"), 42 USC 12101 *et seq.* and the Age Discrimination and Employment Act, 29 USC 621 *et seq.*

2. The Court has subject matter jurisdiction over the Plaintiff's federal claims pursuant to 29 USC 1331, since these claims arise under federal statutory law.

3. All of the unlawful acts and practices set forth below were committed in the state of Kansas, and venue is proper in this Court pursuant to 28 USC 1391 (b).

1

4. Plaintiff timely filed with the Kansas Human Rights Commission (hereinafter "KHRC") an administrative charge encompassing the wrongful acts alleged in this action.

5. Plaintiff received a right to sue letter from the KHRC and has filed this action within 90 days of receipt of the that letter.

## PARTIES

6. Plaintiff John Achatz was formally employed by Rice County in the Road and Bridge Department. Plaintiff is a citizen and resident of the city of Lyons in Rice County, Kansas.

7. Defendant Board of County Commissioners of Rice County, Kansas is a governmental entity organized and operating pursuant to the laws of the State of Kansas. The Defendant may be served with process by service on the County Clerk at Rice County Courthouse, 101 West Commercial Street, Lyons, Kansas 67554.

## FACTUAL ALLEGATIONS

8. Plaintiff began working for the Road and Bridge Department in February 1992. Plaintiff's work involved supervising Road and Bridge Department employees in the maintenance and construction of roads and bridges within Rice County, Kansas. In 2005 Plaintiff was diagnosed with Diabetes and in 2008 was diagnosed with Ischemic Heart Disease.

9. Because of his health issues, Plaintiff was awarded a 40% disability rating from the Department of Veterans Affairs. Plaintiff's disability limited his mobility and capability to tolerate long periods of standing and walking.

10. Following Mr. Achatz's disability diagnosis, the County Commissioners began pressuring Mr. Achatz to apply for and obtain VA Disability and to retire from his employment position.

11. At Mr. Achatz employment reviews beginning in 2008 and following thereafter, he was told to speed up his disability application with the Veterans Affairs office.

12. Plaintiff had earned time off to recover from his disabilities but the Rice County Commissioners reprimanded Plaintiff for taking his earned time off.

13. The County Commissioners requested Mr. Achatz call his Veterans Affairs liaison on speaker phone to discuss his disability application.

14. On January 6, 2011 Plaintiff was terminated due to his perceived disability and age.

## Claim I: Wrongful Discharge in Violation of the ADA

15. Plaintiff incorporates by reference the above numbered paragraphs as fully set forth in Count I.

16. Plaintiff meets the definition of a person with an actual or perceived disability within the meaning of the ADA.

17. Plaintiff is qualified for his position in the Rice County Road and Bridge Department because he could perform the essential functions of that job with or without reasonable accommodation.

18. Defendant discriminated and or retaliated against Plaintiff by terminating his position because of his actual perceived disability in light of the ADA.

19. As a result of the Defendants illegal and intentional conduct, Plaintiff suffered serious economic loss, loss of enjoyment of life, anger, humiliation and emotional pain and suffering.

## Claim II: Failure to Accommodate in Violation of ADA

20. Plaintiff incorporates by reference the above numbered paragraphs as fully set forth in Count II.

21. Plaintiff meets the definition of a person with an actual perceived disability within the meaning of the ADA.

22. Plaintiff requested reasonable accommodations so that he could perform the essential functions of his position in the Rice County Road and Bridge Department.

23. Defendant refused to make the reasonable accommodations to the actual perceived disability of the Plaintiff.

24. Requested job related accommodations would not have imposed an undo hardship on the operations of Rice County.

25. The Defendant discriminated against Plaintiff by refusing to allow his reasonable accommodations, in violation of the ADA.

26. As a result of the Defendants' illegal and intentional conduct Plaintiff has suffered serious economic losses, loss of enjoyment of life, anger, humiliation and emotional pain and suffering.

### Claim III: Violation of Age Discrimination and Employment Act

27. Plaintiff incorporates by reference the above numbered paragraphs as fully set forth in Count III.

28. Plaintiff at all relevant times was over the age of 40 years.

29. Plaintiff was at all relevant times qualified to perform the essential functions required of his position with Defendant.

30. Defendant terminated Plaintiff in discrimination against his age in violation of the ADEA.

31. Defendants' conduct, described above, constitutes as violation of Age Discrimination and Employment Act.

32. Defendants' intentional and wrongful conduct, set forth above, caused Plaintiff damages including, but not limited to serious economic losses, loss of enjoyment of life, anger, humiliation and emotional pain and suffering.

33. Defendants' conduct, described above, was willful and Defendant showed reckless disregard for whether its conduct was prohibited by the ADEA, warranting the imposition of liquidated damages and amount equal to that owing to lost wages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for actual and compensatory damages, including economic and non-economic losses, in an amount exceeding $75,000.00, plus liquidated damages, pre-judgment and post judgment interest, attorneys fees, the costs of this action and any further relief as this Court deems just and equitable under the circumstances.

/s/  Nathanael Berg
Nathanael Berg, #22204, of
HAMPTON & ROYCE, L.C.
119 W. Iron, Ninth Floor
P.O. Box 1247
Salina, Kansas 67402-1247
(785) 827-7251
(785) 827-2815 Facsimile
Attorneys for Plaintiff

### Demand for Jury Trial

Plaintiff hereby requests pursuant to Fed.R.Civ.P. 38(b) that all issues of fact be tried to a jury.

        /s/   Nathanael Berg
        Nathanael Berg

### Designation of Place of Trial

Pursuant to D.Kan.Rule 40.2, the Plaintiff designates Wichita, Kansas as the place of trial.

        /s/   Nathanael Berg
        Nathanael Berg